IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-18298 |
| Barbara L. Gromek | JUDGE ARTHUR I. HARRIS |
| Joseph A. Gromek | |
| Barbara L. Gromek | CHAPTER 11 |
| Joseph A. Gromek | |
| 7584 Hopkins Road | |
| Mentor, Ohio 44060 | Adv. Case No. _____ |
| Plaintiff/Debtors | |
| vs. | |
| US Bank Trust National Association as Trustee of the Cabana Series III Trust | |
| c/o CT Corporation | |
| 4400 Easton Commons Way | |
| Suite 125 | |
| Columbus, Ohio 43219 | |
| also serve: | |
| Highest Ranking Officer | |
| 180 5th Street E. | |
| Suite 200 | |
| Saint Paul, MN 55101 | |

**COMPLAINT FOR DECLARATORY JUDGMENT AND VALIDITY, PRIORITY AND EXTENT OF LIEN**

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court over this adversary proceeding is based upon 28 U.S.C. §§1334(b), 157(a) and 157(b) and, in this District, upon General order No. 2012-7 entered in the United States District Court for the Northern District of Ohio on April 4, 2012, in that this action

arises in the bankruptcy case of Barbara L. Gromek and Joseph A. Gromek, debtors, filed on November 12, 2012, as a case under Chapter 11 of the Bankruptcy Code and identified as Case No. 12-18298 presently pending before this Court.

2. This adversary proceeding is a core proceeding as that term is defined in 28 U.S.C. §157(b)(2)(F).

3. The debtors, Barbara L. Gromek and Joseph A. Gromek, as debtors in possession have the powers of a Chapter 7 trustee pursuant to USC 1107.

## COUNT ONE
## (DECLARATORY JUDGMENT)

4. Debtors' bring this action for declaratory judgment under Bankruptcy Rule 7001 to determine the amount of the claim currently due and owing US Bank Trust National Association as Trustee of the Cabana Series III Trust ("Creditor").

5. On September 29, 2014 the parties entered into an Agreed Order (Docket #165), in which the Debtors were to pay off the arrears to Creditor, previously Valley Bank and Trust, through September 15, 2028 in the amount of $216.35 monthly without interest including a $20,000 down payment.

6. Debtors' paid the $20,000 down payment on October 21, 2014 and began paying the $216.35 on October 24, 2014.

7. Since the Agreed Order, the Debtors' have been paying their regular monthly mortgage payment along with the $216.35 as agreed. Exhibit A attached hereto shows all payments made by the Debtors.

8. Creditor claims the Debtors' are behind in payments and changed the monthly payment amount without any explanation as to the payment change. Exhibit B attached hereto is Creditor's spreadsheet notating payment changes on the top of the document.

9. Exhibit B also shows payments made August 14, 2017, September 7, 2018, March 12, 2019 and June 4, 2019 that were applied to suspense and not as monthly payments for the Debtors.

10. As of March 2020, US Bank claims that the Debtors' are $30,759.01 behind in payments. Exhibit C attached hereto is Debtors March 2020 Mortgage Statement.

11. As of April 2020, US Bank claims that the Debtors' are $31,679.60 behind in payments, which is higher than in March, and does not coincide with Debtors' making monthly payments. Exhibit D attached hereto is Debtors' April 2020 Mortgage Statement.

12. The amount Debtors' currently owe on the arrearage agreement set forth in paragraph three should be approximately $22,284.05, which shows that US Bank is charging interest on the arrears, when they should not be charging interest.

13. Therefore, a justiciable controversy exists which may be resolved by declaratory judgment.

## COUNT TWO
## (VALIDITY, PRIORITY AND EXTENT OF LIEN)

14. Debtors' reallege and incorporate paragraphs one through thirteen of the Complaint as if fully rewritten herein.

15. Debtors' bring this action for validity, priority and extent of the Creditors' lien under Bankruptcy Rule 3012.

16. Debtors' have continually been making payments as agreed upon under the Agreed Order (docket #165) with regards to monthly mortgage payments as well as the arrearage agreement. See Exhibit A.

17. Although Debtors' have been compliant with the Agreed Order, Creditor claims the lien balance is much higher than it should be under the Agreed Order and have had to expend attorney's fees to defend against Creditors' claims.

18. Creditor claims an excessive amount of the appropriate lien balance and the validity, priority and extent of the Creditor lien needs to be determined by this Honorable Court.

19. As further and proximate result of Creditors' excessive amount owed, Debtors' have been damaged in an amount in excess of $10,000.

## PRAYER FOR RELIEF

WHEREFORE, Debtors' pray for the following relief:

a. Declaratory judgment determining the correct amount due and owing to Creditor;

b. The validity, priority and extent of the Creditors' lien;

c. Damages in excess of $10,000; and

d. Debtors' seek any other relief as may be just or appropriate which Debtors' are entitled to as a matter of law and/or equity.

Respectfully submitted,

/s/ *Adrienne S. Foster*
Adrienne S. Foster, Esq. (0080011)
**FORBES LAW LLC**
Attorney for Debtor
166 Main Street
Painesville, OH 44077
(440) 357-6211
afoster@geflaw.net
bankruptcy@geflaw.net